In the Matter of the Estate of PAULINE GRUNER, Deceased.

Surrogate's Court, Bronx County, October 30, 1933.

*O. H. Droege*, for the executors.

*Kremer & Leavitt* [*Samuel Leavitt* of counsel], for the Hungarian Consul.

*Paul A. Bogan*, special guardian.

·HENDERSON, S.   In this proceeding to settle the account of the executors there are two infant respondents who are residents and citizens of Hungary and who have been duly cited.   On July 19, 1933, a special guardian was duly appointed for the purpose of appearing for them and taking care of their interests in this proceeding.

On August 29, 1933, the Acting Consul General of Hungary stationed at the port of New York filed a notice of appearance for said infants and an adult party together with a notice of appearance by his authorized attorneys.

On October 2, 1933, the executors moved to vacate such appointment because these infants " are aliens residing in Hungary, and have appeared by the Consul General of Hungary."   The motion was denied.   The motion is again before me on an application for reargument made on behalf of the Consul General.

Article XIV of our treaty with Hungary, proclaimed October 4, 1926, provides that their consular officers " shall   *   *   *   enjoy   *   *   *   all the rights, privileges,   *   *   *   which are enjoyed by officers of the same grade of the most favored nation."

It is urged that the 2d paragraph of article XV of our Consular Convention with Roumania, proclaimed July 9, 1883, requires that the special guardian's appointment be vacated on the ground above noted.   The cited article reads: " In case of the death of any citizen of the United States in Roumania, or of any Roumanian in the United States, without having any known heirs or testamentary executor by him appointed, the competent local authorities shall give information of the circumstance.to the consuls or consular agents of the nation to which the deceased belongs, in order that the necessary information may be immediately forwarded to parties interested.

" Consuls-general, consuls, vice-consuls and consular agents shall have the right to appear, personally or by delegate, in all proceedings on behalf of the absent or minor heirs or creditors, until they are duly represented."

Under the " most favored nation " clause above mentioned, the Consul of Hungary has the same rights and privileges enjoyed by the Consul of Roumania.

Counsel for the Hungarian Consul argues in his brief that the words " until duly represented," in the Roumanian convention, " simply mean, personal appearance or its equivalent, as appearance by attorney in fact," and cites *Matter of Reiss* (138 Misc. 845) in support of his contention.   It was held in that case that a Consul who had appeared for a subject of his country was superseded by an attorney in fact who subsequently filed a power of attorney authorizing him to appear and act for such alien.   There is nothing in the decision from which even an inference may be drawn that

" due representation " is or should be limited to " personal appearance or appearance by attorney in fact."

The words " duly represented " in the quoted article of the Roumanian convention are the equivalent of, and must be construed to mean, " represented in accordance with the law."

Our statutes provide for the representation of infants by special guardians and guardians *ad litem* and for their appointment to appear for and protect the interests of their wards. (Surr. Ct. Act, § 64; Civ. Prac. Act, § 202; Rules Civ. Prac. rule 42; Dec. Est. Law, § 19, subd. c.)

The infant parties were " duly represented " in this proceeding as soon as their special guardian was appointed. Upon that question I see no conflict between the laws of this State and either treaty. On the contrary, the very language of the last paragraph of article XV of the Roumanian Convention implies that alien parties are not duly represented by their Consul's appearance on their behalf unless there is no other person lawfully representing them.

Having reached the foregoing conclusion, it is unnecessary for me to determine whether or not the effect of the 2d paragraph of article XV, above quoted, is restricted to the circumstances provided for in the 1st paragraph thereof; and whether or not Consuls may appear for their infant nationals.

The motion is granted as to the prayer for reargument, and upon reargument so much of the motion as seeks a vacatur of the special guardian's appointment is denied.

Settle order accordingly.